UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GARY DANIEL RODGERS, JR. (#700016)         CIVIL ACTION NO.

VERSUS         21-233-JWD-SDJ

JOHN BEL EDWARDS, ET AL.

## ORDER

Gary Daniel Rodgers, Jr., who is representing himself and confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, instituted this action on or about April 20, 2021, against numerous Defendants pursuant to 42 U.S.C. § 1983.[1] Rodgers alleges that on December 26, 2020, when he was being moved to a different cell, Sergeant Dornier[2] failed to follow COVID-19 protocols, failed to properly restrain Rodgers, and failed to have the appropriate number of officers present for a relocation.[3] Once Rodgers was placed in his new cell, his new cellmate, Davis, proceeded to punch Rodgers in the back of the head while Dornier was in the process of removing Rodger's restraints through the food slot.[4] Rodgers alleges that his rights were violated as a result of an "adopted custom policy being practiced."[5]

In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily state a set of facts that illustrates each defendant's participation in the alleged wrong.[6] The Supreme Court has held that "[e]ach Government official, his or her title notwithstanding, is

---

[1] R. Doc. 1. Rodgers also filed an amended complaint that reiterates the facts alleged in the original Complaint. R. Doc. 5.
[2] Dornier's first name is unknown.
[3] R. Doc. 5, p. 6.
[4] R. Doc. 5, p. 7.
[5] R. Doc. 5, p. 8.
[6] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

only liable for his or her own misconduct."[7]  Rodgers has largely failed to attribute the constitutional violations alleged to any particular Defendant in this action and has failed to provide sufficient facts for the claims alleged.[8]  Instead of having his lawsuit dismissed at this time, Rodgers will be given another opportunity to allege specific facts that he believes support his claims, if possible.[9] Accordingly,

**IT IS ORDERED** that, by no later than December 3, 2021, Plaintiff must file an amended complaint on the standardized § 1983 lawsuit form (same form used previously), stating specific facts to support his claims.  In any amended complaint, Rodgers must list each Defendant individually and explain the acts or omissions of each Defendant that Rodgers believes violated his constitutional rights. Rodgers is placed on notice that this lawsuit may be dismissed if he files another § 1983 lawsuit stating only the bare assertions originally provided without providing specifics as to how each defendant personally violated his constitutional rights. The amended complaint must expressly address the following regarding each cause of action listed below.

Failure to Protect/Intervene Claims:[10]

---

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[8] The only Defendant against whom Rodgers had made particular allegations is Dornier, but he has failed to provide facts regarding any knowledge Dornier may have had with respect to dangers posed to Rodgers.
[9] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").
[10] To state a claim for failure to protect, the plaintiff must allege that the official against whom the claim is directed was aware of an excessive risk to the plaintiff's safety and disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The fact that the official was aware must be supported by specific facts and not alleged in a conclusory fashion.  When the facts include that another inmate attacked the plaintiff, the knowledge may be demonstrated by alleging that the attacker was on the plaintiff's enemy list or that the plaintiff notified the official of the danger posed by the attacker prior to the attack.  The plaintiff must demonstrate that the official had knowledge of a specific risk posed by the attacker. *See Van Williams v. Samaniego*, No. 05-491, 2007 WL 9701460, at *3 (W.D. Tex. Feb. 22, 2007).  A failure to intervene claims requires, generally, that the plaintiff allege that an official was present when the attack occurred, had an opportunity to intervene, and failed to do so. *Weathington v. U.S.*, Civil Action No. 10-359, 2011 WL 1211509 at * 9 (W.D. La. March 3, 2011).

1) The specific knowledge each individual defendant had regarding specific dangers posed to Plaintiff by the inmate who attacked him and when and how each individual defendant obtained that information, including whether the inmate was listed on Plaintiff's enemy list and, if so, when the inmate was placed on Plaintiff's enemy list;

2) Any complaints Plaintiff made to each Defendant individually regarding any threat posed by the inmate before the attack;

3) Whether any Defendant was physically present when the attack occurred, including which Defendant was present, where they were located, if they attempted to intervene by use of words or otherwise, and any facts indicated the Defendant had the opportunity to intervene; and

4) What "adopted custom policy" Plaintiff is referring to, who implemented the policy, and what problems have arisen due to the policy.

Discrimination:

1) You allege you need to be protected from racial discrimination,[11] so provide facts regarding who is discriminating against you and how.

Retaliation:[12]

1) Which Defendant retaliated against you;

2) What right(s) were you attempting to exercise that provoked the retaliation; and

3) How did the Defendant(s) retaliate against you.

---

[11] R. Doc. 5, p. 8.

[12] To state a claim for retaliation, an inmate must allege (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis,* was undertaken against the prisoner by the defendant, and (4) that there was causation, *i.e.,* that "but for" the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006). *See also Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999).

Americans with Disabilities Act:[13]

1) Provide details regarding the condition that causes you to be "disabled;" and

2) What programs, services, or activities are you being excluded from as a result of your disability.

Rodgers is placed on notice than an amended complaint takes the place of the previous complaint.[14] His amended complaint will be the operative complaint for this lawsuit and must include all defendants, claims, and facts. Plaintiff is instructed to place the cause number "3:21cv233" on the amended complaint and on all documents that he files in this lawsuit.

**Plaintiff is also placed on notice that the lawsuit may be dismissed if he fails to timely comply with this order.**

Signed in Baton Rouge, Louisiana, on November 18, 2021.

*[signature]*

_____

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

---

[13] Rodgers alleges in a conclusory fashion a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, R. Doc. 5, p. 8.
[14] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).