## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**GARY DANIEL RODGERS, JR. (#700016)**          **CIVIL ACTION NO.**

**VERSUS**                                                                              **21-233-JWD-SDJ**

**JOHN BEL EDWARDS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 18, 2023.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GARY DANIEL RODGERS, JR. (#700016)**              **CIVIL ACTION NO.**

**VERSUS**                                                          **21-233-JWD-SDJ**

**JOHN BEL EDWARDS, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are cross-motions for summary judgment.[1] Oppositions were also filed to each Motion.[2] For the following reasons, it is recommended that the Motion for Summary Judgment filed by Defendant Dornier be granted, that the Motion for Summary Judgment filed by Plaintiff Gary Daniel Rodgers be denied, and that this case be dismissed in its entirety.

**I.    Background**

Rodgers filed suit under 42 U.S.C. § 1983 against a multitude of Defendants, including Governor John Bel Edwards, various other public officials, and various prison personnel.[3] This Court conducted the screening mandated by 28 U.S.C. §§ 1915(e) and 1915A and dismissed with prejudice all claims both for failure to state a claim and as legally frivolous with the exception of Plaintiff's claim for monetary damages for failure to intervene against Unknown Dornier in his individual capacity.[4]

---

[1] R. Docs. 47 & 83.
[2] R. Docs. 52 & 88.
[3] R. Doc. 11, pp. 1 & 4. Defendants included Governor John Bel Edwards, Secretary James Lablanc, Darrell Vannoy, New Roads Mayor, West Feliciana Mayor, St. Francisville Mayor, City of Angola Mayor, Assistant Warden Smith, Col. Wright, Major Ramsey, Ct. Franklin, Ct. Manchester, Ct. Bonnette, Lt. King, Mstr. Srgt. Scott, Srgt. Dornier, and "Camp C Officers at the Time of the Violation."
[4] R. Docs. 12 & 15. Rodgers appears to be under the impression that claims previously dismissed, such as his failure to protect claim, are still "live" in this suit, but that is incorrect. *See* R. Doc. 88, p. 8. Though failure to protect and failure to intervene claims are related, they are distinct, and one can exist without the other. *See Outley v. Batiste*, No. 17-1782, 2019 WL 4265075 at *4 (M.D. La. Aug. 23, 2019) ("claims for failure to protect versus failure to intervene, though related, are distinct and one can exist without the other."). This Court already dismissed Plaintiff's failure to protect claim against Dornier. *See* R. Doc. 12, pp. 8-10.

## II. Law & Analysis

### a. Standard of Review

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, such that the moving party is entitled to judgment as a matter of law.[5] A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show there is no genuine issue of material fact.[6] If the moving party carries its burden of proof under Federal Rule of Civil Procedure 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[7] Summary judgment must be entered against a party who fails to make an adequate showing to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[8] In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve material factual disputes.[9]

### b. Dornier is Entitled to Qualified Immunity

Defendant has asserted he is entitled to qualified immunity.[10] The qualified immunity defense employs a two-step process, which asks whether the defendant's conduct violated the plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time of the violation; courts have discretion to determine which of the two prongs to address

---

[5] Fed. Rule Civ. P. 56. *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[6] *Celotex Corp.*, 477 U.S. at 323.
[7] *Anderson*, 477 U.S. at 248.
[8] *Celotex Corp.*, 477 U.S. at 323.
[9] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[10] R. Doc. 29-1, pp. 7-8.

first.[11] The assertion of the qualified immunity defense alters the summary judgment burden of proof.[12] Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct."[13] "The plaintiff bears the burden of negating the defense and cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct."[14]

A prison guard has a duty to intervene and attempt to end an assault on an inmate.[15] However, officials who fail to prevent an injury inflicted by fellow prisoners are only liable if they act with deliberate indifference.[16] When a prison official is *present* at the time of an assault, she is deliberately indifferent to the inmate's safety, unless there is "evidence justifying the correctional officer's failure to intervene, such as when intervention would threaten the health and safety of all concerned (*i.e.*, the guard is alone and unarmed or another guard has been taken hostage)."[17] Regardless of whether the Eighth Amendment imposes an obligation on a prison official to intervene directly in an inmate fight when doing so would place him or her in danger of physical harm, it demands that he or she take *some* action to halt the violence.[18]

---

[11] *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012); *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-ponged analysis in a particular order – should not be "regarded as an inflexible requirement").
[12] *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).
[13] *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), (citing *Michalik*, 422 F.3d at 262).
[14] *Michalik*, 422 F.3d at 262.
[15] *Weathington v. U.S.*, No. 10-359, 2011 WL 1211509 at * 9 (W.D. La. March 3, 2011).
[16] *Id.*, (citing *MacKay v. Farnsworth*, 48 F.3d 491 (10th Cir. 1995)).
[17] *Id.*, (citing *Williams v. Mueller*, 13 F.3d 1214, 1215-16 (8th Cir. 1994)).
[18] *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (comparing negligence to deliberate indifference in a failure to intervene context and implying that standing by and allowing an attack to proceed constitutes deliberate indifference). "Despite its concern with the Fourteenth Amendment's due process clause, *Davidson* constitutes part of Eighth Amendment jurisprudence." *Payne v. Collins*, 986 F.Supp. 1036, n. 59 (E.D. Tex. June 25, 1997).

3

Though immediate intervention is not required, an official is required to take some steps to halt inmate on inmate violence. The case law consistently holds that deliberate indifference does not exist in situations where officers have taken some steps to halt the violence, including giving verbal orders,[19] leaving to get help,[20] and leaving to obtain tools, such as weapons and teargas, to halt the violence.[21]

Here, the summary judgment evidence, in the form of Plaintiff's own deposition testimony, indicates that Dornier did take steps to halt the violence, including activating his beeper, so other guards would arrive to help break up the conflict, and he stated "man, if y'all don't stop they going to discharge some chemical agents…."[22] Because Dornier did take *some* action to attempt to halt the violence, he is entitled to qualified immunity, and the sole remaining claim is subject to dismissal.[23]

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motion for Summary Judgment[24] filed by Plaintiff Gary Daniel Rodgers, Jr., be **DENIED**.

---

[19] *Verette v. Major, et al.*, Civil Action No. 07-547, 2008 WL 4083032 (W.D. La. Aug. 25, 2008) (When an inmate attacked another, officers gave direct verbal orders to the inmate attacker to put down the tool he was using as a weapon, and the inmate obeyed the verbal orders. The Court found the officers were entitled to qualified immunity).
[20] *See Rios v. Scott*, 100 Fed.Appx. 270 (5th Cir. 2004) (an officer did not immediately intervene in an attack when it commenced but ran to get help).
[21] *See Longoria v. Texas*, 473 F.3d 586 (5th Cir. 2006) (officers did not immediately intervene in an attack but ran to alert other officers of an ongoing attack and to obtain weapons and tear gas). Rodgers appears to be under the impression that Dornier violated his constitutional duty because he did not "intervene by opening the cell to break up the fight," but, as noted, that is not required. R. Doc. 88, p. 6. The steps Dornier took were constitutionally sufficient.
[22] R. Doc. 83-6.
[23] This claim survived screening because, reading Plaintiff's Complaint in the light most favorable to him, it appeared that Dornier had done absolutely nothing to stop the violence. Additionally, qualified immunity could not be considered on screening. Now, with the benefit of summary judgment evidence, specifically, Plaintiff's deposition testimony, it is clear that Dornier did take action to stop the violence.
[24] R. Doc. 47.

**IT IS FURTHER RECOMMENDED** that the Motion for Summary Judgment[25] filed by the sole remaining Defendant Unknown Dornier be **GRANTED** and that the remaining claim be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on December 18, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] R. Doc. 83.